

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 26, 1957

Hon. John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Dear Sir:

Opinion No. WW-73

Re: Whether the Board of Insur-
ance Commissioners is re-
quired to approve merger
agreements submitted under
Article 14.13 of the Texas
Insurance Code, 1951, as
amended.

You have requested our opinion as to whether the Board of
Insurance Commissioners is required by Article 14.13 of the Texas Insur-
ance Code to approve merger agreements between mutual assessment as-
sociations.

Article 14.13 provides that:

"The associations subject to this chapter are
hereby expressly prohibited from merging with another
association, are prohibited from 'transferring' any part
or group of membership, or all the membership to an-
other association or from merging groups or transfer-
ring members from one group to another in an associa-
tion without the consent in advance of the Board of Insur-
ance Commissioners which may be given only after com-
plete investigation into the facts and determination that
such transfer or merger is to the advantage of members
of the association or groups to be affected."

It can readily be seen from a reading of this statute that mu-
tual assessment associations are prohibited by law from merging with each
other unless these associations first obtain the consent for such merger
from the Board of Insurance Commissioners. The statute requires that
this consent must be obtained in advance of the actual merger. The Board
may give its consent only after it has made a complete investigation into
all the facts and circumstances and made a determination that the contem-
plated merger is to the advantage of the members of the affected groups or
associations.

You stated in your request that it had been the policy of the
Board for several years to approve all merger agreements when it was de-
termined that such agreements were not to the detriment of the particular
policyholders affected, but that the Board now desired to refuse all merger
agreements where it is not clearly shown from the facts that the merger
is to the best interests of all policyholders affected by the agreement.

While in your request you use the term "policyholders" and the statute refers to "members", this is of no consequence and does not affect this opinion, as Article 14.02 defines "member" as policyholder or any person insured by an association.

We are of the opinion that Article 14.13 makes it the Board's duty and responsibility to make a complete investigation into all the surrounding facts and circumstances involved in the merger agreement, and to disapprove the plan if the Board finds that such merger agreement is not to the advantage of the members of the affected groups or associations. If the Board finds the merger plan is to the advantage of the affected policyholders, it may approve the plan.

## SUMMARY •

Mutual assessment associations are prohibited by Article 14.13, Insurance Code of Texas, from merging with each other unless the associations first obtain the consent for such merger from the Board of Insurance Commissioners.

It is the duty of the Board of Insurance Commissioners under the provisions of Article 14.13, Insurance Code of Texas, to investigate the facts and circumstances involved in a contemplated merger agreement between mutual assessment associations or groups within such associations, and to approve or disapprove the merger agreement after determination as to which course would be to the advantage of the members of the associations or groups to be affected by the merger plan.

Yours very truly,

WILL WILSON
Attorney General

By *Will D. Davis*

Will D. Davis
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman